UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARSTOOL SPORTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION |
| ) | NO.: _____ |
| QUINTAL INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Barstool Sports, Inc. ("Barstool Sports") brings this action against Quintal International, Inc. ("Quintal") for cancellation of a trademark registration held by Quintal and for declaratory relief.

## INTRODUCTION

1.    Barstool Sports operates a satirical sports and men's lifestyle blog at www.barstoolsports.com (the "Barstool Website").  The Barstool Website includes an online store through which Barstool Sports offers items for sale, including t-shirts, hats, mugs, and other items displaying marks popularized by Barstool Sports.  One such mark is "Back to Back World War Champs," which Barstool Sports began promoting in 2012 to refer to the United States of America's victories in World Wars I and II.

2.    Quintal contends that it is a "source of premium quality caps, hats, shirts, sweat shirts, and other accessories" that are "distributed and sold to consumers through authorized retailers and channels throughout the United States."

3.     On June 24, 2013, Quintal filed an application for federal trademark registration of the mark "Back to Back World War Champs," and its application was granted on May 13, 2014.

4.     Quintal has recently threatened to sue Barstool Sports, asserting that Barstool Sports is infringing its trademark rights and engaging in unfair competition under federal and California law by selling items bearing the "Back to Back World War Champs" mark (hereinafter referred to as the "Contested Mark").

5.     Barstool Sports disputes Quintal's contentions and hereby brings this action and seeks an order pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, cancelling Quintal's trademark registration in the Contested Mark, and a declaration that Barstool Sports' use of the Contested Mark (1) does not constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; (2) does not constitute an unfair business practice under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) does not constitute trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and (4) does not constitute an unfair business practice under California law.

## THE PARTIES

6.     Barstool Sports is a Massachusetts corporation with its principal place of business in Milton, Massachusetts.

7.     Quintal, on information and belief, is a California corporation with its principal place of business in Malibu, California.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (trademark infringement and unfair competition), 28 U.S.C. § 2201 (declaratory judgment), and 28 U.S.C. § 1367 (supplemental jurisdiction).

9. This Court has personal jurisdiction over Quintal because, *inter alia*, (1) as Quintal has acknowledged in a draft Complaint, it is a "source of premium quality caps, hats, shirts, sweat shirts, and other accessories" that are "distributed and sold to consumers through authorized retailers and channels throughout the United States," which includes Massachusetts (2) it has directed threats at a Massachusetts corporation with its principal place of business in Massachusetts, and (3) on information and belief, it earns revenue from residents of Massachusetts.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

11. A live controversy has arisen between the parties over the proper application of the Lanham Act and California law of unfair competition.

12. Quintal sent a letter threatening litigation, including with it a draft Complaint, accusing Barstool Sports of various violations of the Lanham Act and of a California statute proscribing unfair competition. Quintal's conduct threatens injury to Barstool Sports, and Barstool Sports expressly disputes that its conduct has violated any provision of federal or state law.

## GENERAL ALLEGATIONS

13. The Contested Mark refers to the United States of America's victories in World War I and World War II.

14. Quintal displays the Contested Mark in large lettering and in the front of the shirts, hats, and other goods its sells, or that are sold pursuant to an agreement with Quintal that bear the Contested Mark (collectively, "Quintal's goods"). Quintal's goods display the Contested Mark in a way that immediately catches the eye of the consumer.

15. The size, location, and dominance of the Contested Mark on Quintal's goods demonstrate that Quintal uses the Contested Mark in an ornamental fashion.

3

16.     The Contested Mark on Quintal's goods serves an ornamental rather than a source-identifying function.

17.     Most purchasers of goods bearing the Contested Mark, including Quintal's goods, do not associate the Contested Mark with Quintal.

18.     The Contested Mark as used by Quintal is a slogan devoid of trademark significance.

19.     Barstool Sports began using the Contested Mark in commerce throughout the United States before Quintal's first use of the Contested Mark in commerce.

20.     Barstool Sports began using the Contested Mark in commerce in New England, New York, New Jersey, and certain other territories before Quintal's first use of the Contested Mark in these territories.

## COUNT ONE - CANCELLATION OF TRADEMARK REGISTRATION
### (15 U.S.C. § 1119)

21.     Barstool Sports repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the preceding paragraphs.

22.     The Contested Mark as displayed on Quintal's goods serves only an ornamental function.

23.     The Contested Mark as displayed on Quintal's goods does not serve a source-identifying function.

24.     Barstool Sports is the senior user of the Contested Mark in commerce throughout the United States.

25.     Barstool Sports is the senior user of the Contested Mark in commerce in New England, New York, New Jersey, and certain other territories.

26.     Because the Contested Mark as used by Quintal is merely ornamental and does not serve as a source identifier or, alternatively, because of Barstool Sports' aforementioned prior use of the Contested Mark, the Court should order the cancellation of Quintal's federal registration of the Contested Mark pursuant to 15 U.S.C. § 1119.

## COUNT TWO - DECLARATORY RELIEF - INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK
### 15 U.S.C. § 1114

27.     Barstool Sports repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the preceding paragraphs.

28.     Because the Contested Mark as used by Quintal is merely ornamental and does not serve as a source identifier or, alternatively, because of Barstool Sports' aforementioned prior use of the Contested Mark, Quintal's ownership of a federal registration in the Contested Mark does not prohibit Barstool Sports from using the Contested Mark.

29.     An actual, present, and justiciable controversy has arisen between Barstool Sports and Quintal concerning whether Barstool Sports is liable to Quintal for infringement of a registered trademark belonging to Quintal.

30.     Barstool Sports seeks a declaratory judgment from this Court that its use of the Contested Mark does not infringe on a registered trademark belonging to Quintal.

## COUNT THREE - DECLARATORY RELIEF - FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a)

31.     Barstool Sports repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the preceding paragraphs.

32.     Because the Contested Mark as used by Quintal is merely ornamental and does not serve as a source identifier or, alternatively, because of Barstool Sports' aforementioned

prior use of the Contested Mark, Barstool Sports is not engaging in unfair competition in violation of 15 U.S.C. § 1125(a) in using the Contested Mark.

33.     An actual, present, and justiciable controversy has arisen between Barstool Sports and Quintal concerning whether Barstool Sports is liable to Quintal for unfair competition under 15 U.S.C. § 1125(a).

34.     Barstool Sports seeks a declaratory judgment from this Court that its use of the Contested Mark does not violate 15 U.S.C. § 1125(a).

### COUNT FOUR - DECLARATORY RELIEF - FEDERAL TRADEMARK DILUTION
### 15 U.S.C. § 1125(c)

35.     Barstool Sports repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the preceding paragraphs.

36.     Because the Contested Mark as used by Quintal is merely ornamental and does not serve as a source identifier or, alternatively, because of Barstool Sports' aforementioned prior use of the Contested Mark or, alternatively, because the contested mark is not famous and Barstool Sports' use of the Contested Mark does not result in blurring or tarnishment of the Contested Mark as used by Quintal, Barstool Sports is not engaging in unfair competition in violation of 15 U.S.C. § 1125(a) in using the Contested Mark.

37.     An actual, present, and justiciable controversy has arisen between Barstool Sports and Quintal concerning whether Barstool Sports is liable to Quintal for trademark dilution under 15 U.S.C. § 1125(c).

38.     Barstool Sports seeks a declaratory judgment from this Court that its use of the Contested Mark does not constitute trademark dilution under 15 U.S.C. § 1125(c).

### COUNT FIVE - DECLARATORY RELIEF - UNFAIR COMPETITION UNDER CALIFORNIA LAW

**(California Business and Professions Code § 17200, et seq.)**

39.     Barstool Sports repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the preceding paragraphs.

40.     Because the Contested Mark as used by Quintal is merely ornamental and does not serve as a source identifier or, alternatively, because of Barstool Sports' aforementioned prior use of the Contested Mark, Barstool Sports is not engaging in unfair competition in violation of 15 U.S.C. § 1125(a) in using the Contested Mark.

41.     Because Barstool Sports' contacts with California are de minimis, its use of the Contested Mark does constitute unfair competition under California Business and Professions Code § 17200, et seq.

42.     An actual, present, and justiciable controversy has arisen between Barstool Sports and Quintal concerning whether Barstool Sports' use of the Contested Mark violates California Business and Professions Code § 17200, et seq.

43.     Barstool Sports seeks a declaratory judgment from this Court that its use of the Contested Mark does not violate California Business and Professions Code § 17200, et seq.

**PRAYER FOR RELIEF**

**WHEREFORE**, Barstool Sports prays that this Court:

A.     Order that Quintal's trademark registration in the Contested Mark be cancelled;

B.     Enter judgment according to the declaratory relief sought as against Quintal;

C.     Award Barstool Sports the costs and expenses it incurs in connection with this action; and

D.     Award Barstool Sports such other relief may be deemed just and equitable.

Respectfully submitted,

BARSTOOL SPORTS, INC.

By its attorneys,


/s/ Frank N. Gaeta
Frank N. Gaeta (BBO #561388)
RICH MAY, P.C.
176 Federal Street
Boston, MA  02110
(617) 556-3800
fgaeta@richmaylaw.com

Dated: June 15, 2015